and are, at all time relevant, engaged in a course of conduct intended and calculated to unlawfully appropriate, convert to their own use, and otherwise retain monies justly due their clients. Said appropriation and conversion is utterly without the consent, knowledge, or authorization of their clients, including Plaintiff.

26. On or about February 22, 2007, Plaintiff filed an "Embezzlement Evaluation" with the Financial Crimes Unit of the Escondido, California Police Department, annexed hereto as Exhibit "E." The Embezzlement Evaluation implicates Defendant in the crimes of conversion, misappropriation of funds, misrepresentation, and fraud against Plaintiff. The sum and substance of said evaluation is embodied herein.

27. MORTENSEN's illegal course of conduct, as set forth herein and below, was not authorized by the corporate entity of E-TICKETS and is otherwise *ultra vires*. Defendants have no defenses to the counts and claims set forth herein.

## COUNT I

28. As set forth above, Plaintiff demanded that Defendants return the sum of $97,073.45, constituting Plaintiff's personal property, to Plaintiff on several occasions.

29. The sum of $97,073.45, constituting Plaintiff's personal property, has been unlawfully retained by Defendants.

30. Defendant conceded any possessory interest in said funds via MORTENSEN's execution of the January 31, 2007 Agreement.

31. Defendant failed to return or pay any portion of the sum of $97,073.45, constituting Plaintiff's personal property, to Plaintiff.

32. As a result of the foregoing, one or more of the Defendants illegally converted said quantity of Plaintiff's funds to its own use.

33. Defendants' continued retention of Plaintiff's funds is intentional and without justification.

34. As a result of the foregoing, Plaintiff has been damaged in the sum of $97,073.45, plus interest, and is entitled to an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

## COUNT II

35. As a result of the facts set forth herein, Defendants are in breach of the October 18, 2006 AGREEMENT.

36. Defendants' failure to transfer Plaintiff the sum of $97,073.45 is a breach of "Section 4.05" of said agreement, which provides that

> *"A weekly payment will be sent to Licensee from Licensor minus all Merchant fees and per ticket fees."*

37. Said agreement provides, at "Section 8.05,"

> *"If any legal action is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees in addition to any other relief to which that party may be entitled. This provision shall be construed as applicable to the entire Agreement."*

38. As a result of Defendants' breach and the necessity to enforce the terms of the subject agreement, Plaintiff is entitled to reasonable attorney fees in an amount ultimately to be determined by this Court, which we reasonably believe to be not less than $25,000.00. Said award is in addition to all other rights and remedies to which Plaintiff is entitled.

39. As a result of the foregoing, Plaintiff has been damaged in the sum of $97,073.45, plus interest, and is entitled to an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

## COUNT III

40. Defendants' failure to transfer Plaintiff the sum $97,073.45 is a breach of the January 31, 2007 AGREEMENT,

41. Paragraph "1" of said agreement provides that,

> *"The Payer agrees to pay to the order of Payee an aggregate principal amount of ninety-seven thousand seventy three dollars and forty-five cents ($97,073.45)."*

42. Paragraph "2" of said agreement provides that Defendant pay Plaintiff said sum by "February 6, 2006 [sic]." To date, Plaintiff has not received said sum, and Defendant is therefore in breach of paragraph "2."

43. As a result of the foregoing, Plaintiff has been damaged in the sum of $97,073.45, plus interest, and is entitled to an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

## COUNT IV

44. Upon information and belief, MORTENSEN made false statements regarding, *inter alia*, the capacity and nature of E-TICKETS, the number of employees, the resources at E-TICKETS' disposal, and its level of financial solvency. That this course of conduct constitutes a fraudulent misrepresentation, collateral to the contract, which is actionable fraud under New York State law.

45. Plaintiff reasonably relied on said false statements, to his detriment. But for MORTENSEN's false statements, Plaintiff would not have done business with Defendants.

46. As a result of the foregoing, Plaintiff has been damaged in the sum of $97,073.45, plus interest, and is entitled to an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

## COUNT V

47. MORTENSEN knowingly and intentionally made the afore-mentioned false statements to Plaintiff, for the purpose of inducing Plaintiff into a business relationship.

48. MORTENSEN made said false statements with the intent that YOGMAN would reasonably rely on them and ultimately decide to contract with MORTENSEN.

49. YOGMAN did in fact reasonably rely on MORTENSEN's false representations, to YOGMAN's detriment, which is exactly the result that MORTENSEN sought.

50. As a result of the foregoing, Plaintiff has been damaged in the sum of $97,073.45, plus interest, and is entitled to an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

## JURY DEMAND

51. Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, the Plaintiff demands judgment as against all defendants as follows:

A. ON THE FIRST CAUSE OF ACTION – For the value of the property converted in the amount of $97,073.45, plus interest, and an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

B. ON THE SECOND CAUSE OF ACTION – Judgment against Defendants in the amount of $97,073.45, plus interest, reasonable attorney fees in an amount ultimately to be determined by this Court, but reasonably believed to be not less than $25,000.00, and an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

C.  ON THE THIRD CAUSE OF ACTION – Judgment against Defendants in the amount of $97,073.45, plus interest, and an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

D.  ON THE FOURTH CAUSE OF ACTION – Judgment against Defendants in the amount of $97,073.45, plus interest, and an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

E.  ON THE FIFTH CAUSE OF ACTION – Judgment against Defendants in the amount of $97,073.45, plus interest, and an award of punitive or exemplary damages in an amount ultimately to be determined by this Court, which, upon information and belief, shall be no less than $300,000.00.

AND FOR such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
July 31, 2007

Yours, etc.

By: Edward C. Greenberg, Esq.
EDWARD C. GREENBERG, P.C.
*Attorney for the Plaintiff*
570 Lexington Ave., 17th Floor
New York, New York 10022
Tel:   (212) 697-8777